BRONSON LAW OFFICES, P.C.
H. Bruce Bronson
*Proposed Counsel for the Debtor*
*and Debtor-in-Possession*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                                        Case No. 24-10417(MG)

                                                                                                        Chapter 11

GLEMAUD MANAGEMENT COMPANY LLC

                                    Debtor.

-----------------------------------------------------------x

**DEBTOR'S DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

STATE OF NEW YORK        )
                                         ) ss.:
COUNTY OF BRONX         )

    I, Judemyr Glemaud, declare under penalty of perjury as follows:

1. I am the managing member of Glemaud Management Company, LLC (the "**Debtor**").

2. I am filing this declaration in support of the bankruptcy filing of Debtor, pursuant to local bankruptcy rule 1007-2.

3. The Debtor was formed on December 17, 2004, for the purpose of purchasing, owning, and renting residential properties in the Bronx, NY.

4. The Debtor currently owns four properties in the Bronx, located at (1) 1863 Holland Ave., (2) 3140 Decatur Ave., (3) 1233 Boynton Ave. and (4) 740 Kelly St. (the

"Properties"). Each of these Properties is subject to a mortgage or mortgages for which the Debtor is behind.

5. I submit this declaration in accordance with Local Bankruptcy Rule 1007-2 (the "**Declaration**"), on behalf of the Debtor in connection with its petition, exhibits and schedules filed, or to be filed in its Chapter 11 bankruptcy, for the purpose of apprising the Court and parties in interest of the circumstances that compelled the commencement of this case and in support of (i) Debtor's chapter 11 petition filed on July 31, 2023 (the "**Petition**"), and (ii) the motions and applications that the Debtor has filed, or will file, with the Court.

6. The Debtor has not previously filed a Chapter 11 Petition.

7. I have reviewed the Debtor's Petition, schedules, exhibits and all documents filed in connection therewith, and I am familiar with the facts alleged and any relief requested therein.

8. All facts set forth in this Declaration are based upon my:(i) personal knowledge; (ii) review of relevant documents; and (iii) opinion based upon my experience and knowledge with respect to the Debtor's operations and financial condition. All financial information submitted with this Declaration is on an estimated and unaudited basis, unless otherwise indicated.

9. Attached hereto as **Schedule 1**, is a rent roll which is accurate to the best of my knowledge.

## BACKGROUND OF THE DEBTOR AND IT'S BUSINESS

**a. Debtor's business and circumstances leading to the Debtor's filing. LR 1007-2(a)(1)**

10. The Debtor was formed under the laws of the State of New York on December 17, 2004, for the purpose of owning the Properties and leasing them.

11. Debtor has no employees.

## OBJECTIVES OF THE CHAPTER 11 CASE.

12. The Debtor intends to negotiate with the mortgage holders to develop a plan of repayment of the loans on the Properties or sell or refinance some of the Properties.

**b. LR 1007-2(a)(2)**

13. This case was not originally commenced under Chapter 7 or 13 of the Bankruptcy Code.

**c. Committees Organized Prior to Filing. LR 1007-2(a)(3)**

14. No creditor's committee has been formed to date.

**d. Holders of 20 Largest Unsecured Claims. LR 1007-(2)(a)(4)**

15. The names and addresses of the twenty (20) largest unsecured creditors excluding (i) those creditors who or which would not be entitled to vote at a creditors' meeting under 11 USC Section 702; (ii) such creditors who were employees of the Debtor at the time of the filing of its petition for reorganization; and (iii) creditors who are insiders as that term is defined in 11 USC Section 101(31) are annexed hereto as **Exhibit "A"**.

**e. Holders of the five largest Secured Claims. LR 1007-(2)(a)(5).**

16. A list of the names and addresses of the five largest secured creditors is annexed hereto as **Exhibit "B"**.

**f. Schedule of Assets and Liabilities. LR 1007-(2)(a)(6).**

17. As required by Local Bankruptcy Rule 1007-2(a)(6), unaudited schedules of the Debtor's assets and liabilities are annexed hereto as **Exhibit "C"**

**g. Publicly Held Securities. LR 1007-(2)(a)(7).**

3

18. No shares of stock, debentures, or other securities of the Debtor are publicly held.

**h. Debtor's Premises. LR 1007-(2)(a)(9).**

19. The Debtor operates from 1863 Holland Ave., Bronx, NY 10462.

**i. Location of Debtors' Assets and Books and Records. LR 1007-(2) (a)(10).**

20. The Debtor's assets and books and records are located at: 1863 Holland Ave., Bronx, NY 10462

**j. Threatened or Pending Actions against Debtor. LR 1007-(2)(a)(11).**

21. There are currently the following actions pending against the Debtor:

    a. *U.S. Bank Trust National Assoc, as Trustee of Homeward Opportunities Fund Trust 2020-BPL1 v. Glemaud Management Company LLC, Akita R. Breeden, et. al.* case no. 810355/2022.

    b. *Empire Community Development, LLC v. Judemyr Glemaud; Glemaud Management Company, LLC, et. al.* case no.:36245/2020.

    c. *US Bank National Association, as Trustee for RASC 2005-AHL-1 v. Jeanne Pnasik, Judemyr Glemaud, et. al.* case no. 381322/12.

    d. *US Bank National Assoc., as Trustee for BNC Mortgage Loan Trust 2007-1 v. Glemaud Management Company LLC* case no.:381322/12.

**k. Debtor's Senior Management. LR 1007-(2)(a)(12).**

22. The Debtor's senior management is Judemyr Glemaud, the managing member.

**l. Additional Information if Business is to Continue. LR 1007-(2)(b)(1) and (2).**

23. The Debtor needs to refinance or renegotiate the mortgages on the Properties.

**m. Estimated Schedule of cash receipts and disbursements for 30 days. LR 1007-(2) (b) (3).**

24. The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition is set forth on the attached **Schedule A**.

**n. Conclusion**

25. The Debtor submits that it has the requisite components to formulate a confirmable and feasible plan of reorganization.

26. The Debtor believes it is in the best interests of all its creditors that it be afforded an opportunity to reorganize pursuant to Chapter 11.

Pursuant to 28 USC section 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

**Dated: March 13, 2024**

/s/ Judemyr Glemaud
Managing Member

# SCHEDULE 1

# RENT ROLL

**Glemaud Management Company LLC**

| | | | |
|---|---|---|---|
| 3140 Decatur | | | |
| | Christopher Alvarez | $ | 800.00 |
| | James Godwin | $ | 800.00 |
| | Okeno Davis | $ | 800.00 |
| | Sammy Copeland | $ | 800.00 |
| | | $ | 3,200.00 |
| 740 Kelly Street | | | |
| Apt. 1 | Maurice Walton | $ | 1,400.00 |
| Apt. 2 | Dolores Feliz | $ | 2,055.00 |
| Apt 3 | Pamela Mays | | |
| Apt 4 | Jeffrey Griffin | $ | 1,268.00 |
| | | $ | 4,723.00 |

| | | | |
|---|---|---|---|
| 1233 Boynton Ave | Tyrone Singleton | $ | 800.00 |
| | John Davis | $ | 800.00 |
| | Michelle Riera | $ | 2,100.00 |
| | | $ | 3,700.00 |
| 1863 Holland Ave | Angel Galicia | $ | 1,789.00 |
| | | **$** | **13,412.00** |

**Several of the tenants owe the Debtor for past due rent and the Debtor is working to resolve these issues through either eviction or settlement. Many of the tenants receive government assistance.**

6

# EXHIBIT A

**(30-day cash receipts and disbursements)**

**Glemaud Management Company LLC**

**Income**
$ 13,412.00

**Expenses**

| | |
|---|---|
| Utilities | $ 1,500.00 |
| Water | $ 1,600.00 |
| Gas | $ 600.00 |
| Monthly Repairs | $ 1,500.00 |
| Insurance | $ 1,000.00 |
| Mortgage Payments | $ 7,212.00 |
| | **$ 13,412.00** |

# EXHIBIT B

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| | |
|---|---|
| Con Edison | $60,000 |
| NY Dept. of State | $280,000 |
| NYC Water Board | $30,000 |
| Pamela Mays | unknown |

* These debts are disputed as to amount and Pamela May is unliquidated as well

# EXHIBIT C

# FIVE LARGEST SECURED CREDITORS

| | |
|---|---:|
| Citi Mortgage | $374,000 |
| Empire Community | $93,600 |
| Planet Home Lending | $497,250 |
| US Bank NA | $1,200,000 |
| US Bank National Association | $708,194 |

# EXHIBIT D

**The following chart is based on the Debtor's principal best estimate as to values and liabilities[1].**

### Assets

| | |
|---|---|
| Real Estate | $ 2,963,000.00 |
| Miscellaneous | $1,000.00 |
| Bank Accounts | $5,000.00 |
| **Total** | **$2,969,000.00** |

### Liabilities

| | |
|---|---|
| Mortgages | $2,872,444.00 |
| Other | $340,000.00 |
| **Total** | **$3,212,444.00** |

---

[1] Certain Liabilities are disputed as to amount.